IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS RAYMOND DOLIS,

    Plaintiff,

v.

BLEUM USA, INC.,

    Defendant.

NO. C11-2713 TEH

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE

This matter came before the Court on September 19, 2011, on Defendant's motion to dismiss Plaintiff's third cause of action under California Labor Code section 1102.5 and Defendant's motion to strike related allegations from the complaint. After carefully considering the parties' written and oral arguments, the Court now GRANTS the motion to dismiss and DENIES the motion to strike for the reasons discussed below.

**BACKGROUND**

Plaintiff Thomas Raymond Dolis was formerly employed as a sales director by Defendant Bleum USA, Inc. Dolis's complaint raises four causes of action: (1) failure to pay wages in accordance with the California Labor Code; (2) breach of a written employment contract; (3) violation of California Labor Code section 1102.5, which protects whistleblowing; and (4) wrongful termination in violation of public policy.

Dolis asserts that Bleum failed to pay him all commissions to which he was due. He alleges that, during a May 4, 2011 telephone conversation, he told William Stancer, Bleum's

vice president of business development, that he "had decided to file his unpaid wage complaints with the California Labor Commissioner." Compl. ¶ 39. Dolis alleges that he "repeated to Mr. Stancer [via telephone the following day] that if Defendant was not happy with Plaintiff's performance or with the legal avenues that Plaintiff was going to take to resolve the tax and unpaid wage issues, then Defendant would have to fire Plaintiff, as Plaintiff would not resign from his employment." *Id.* ¶ 48. Bleum subsequently fired Dolis, allegedly "in retaliation for Plaintiff stating his intent to file a claim against Defendant with the California Labor Commissioner for unpaid commission wages and wrongfully withheld commissions." *Id.* ¶ 51. Dolis does not contend that he ever actually filed such a claim or otherwise notified the California Labor Commissioner or any other government entity of his complaints.

**DISCUSSION**

**I.  Motion to Dismiss**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal of claims that fail to meet this standard should be with leave to

2

1 amend unless it is clear that amendment could not possibly cure the complaint's deficiencies.
2 *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

3 Bleum moves to dismiss Dolis's third cause of action under section 1102.5 on two
4 grounds. First, the company argues that the statute protects from retaliation only those
5 employees who actually disclose information to an outside agency and not those, like Dolis,
6 who merely express an intent to do so. Second, Bleum contends that this claim must be
7 dismissed because Dolis has not exhausted his administrative remedies. As discussed below,
8 the Court finds merit to the second argument and does not now decide the parties'
9 disagreement over the scope of section 1102.5, which the parties may re-litigate if Dolis files
10 an amended complaint that adequately alleges administrative exhaustion.

11 In *Campbell v. Regents of the University of California*, the California Supreme Court
12 reiterated the rule "that where an administrative remedy is provided by statute, relief must be
13 sought from the administrative body and this remedy exhausted before the courts will act."
14 *Campbell*, 35 Cal. 4th 311, 321 (2005) (internal quotation marks and citation omitted).
15 *Campbell* addressed the specific question of whether an employee of the Regents of the
16 University of California must exhaust remedies adopted by the Regents before filing suit, but
17 "[t]he court did not limit its holding to require only the exhaustion of internal administrative
18 remedies." *Hall v. Apartment Inv. & Mgmt. Co.*, No. C08-3447 CW, 2008 WL 5396361, at
19 *3 (N.D. Cal. Dec. 19, 2008). This Court therefore concludes that a plaintiff cannot file suit
20 under section 1102.5 without first exhausting administrative remedies.[1]

21 In *Hall*, the district court held that a plaintiff who seeks to file suit under section
22 1102.5 must first exhaust the administrative remedy before the California Labor
23 Commissioner provided by California Labor Code section 98.7. *Id.* at *4. Dolis does not
24 dispute that he could have filed a complaint with the Labor Commissioner, but he argues that
25 he was not required to do so under *Lloyd v. County of Los Angeles*, 172 Cal. App. 4th 320
26 (2009). However, this Court does not find *Lloyd* persuasive because the case made no

---

28 [1] The Court disagrees with the narrow reading of *Campbell* adopted by the district court in *Creighton v. City of Livingston*, No. CV-F-08-1507 OWW/SMS, 2009 WL 3246825, at *2-12 (E.D. Cal. Oct. 7, 2009).

3

attempt to reconcile *Campbell* or any of the cases cited therein that established the general rule requiring administrative exhaustion. Dolis had at least one administrative remedy available, and he failed to exhaust it.[2] Consequently, the Court dismisses his section 1102.5 claim without prejudice.

## II. Motion to Strike

In addition to moving to dismiss Dolis's section 1102.5 claim, Bleum also moves to strike language related to that claim from the complaint. Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded," and "impertinent" if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotation marks omitted).

Although the Court has dismissed Dolis's third claim under section 1102.5, Bleum has not persuaded the Court that the language it seeks to strike is not relevant to Dolis's fourth claim for wrongful termination in violation of public policy. Accordingly, Bleum's motion to strike is DENIED.

## CONCLUSION

For the reasons set forth above, Bleum's motion to dismiss is GRANTED, and its motion to strike is DENIED. Dolis's third claim for violation of California Labor Code section 1102.5 is dismissed without prejudice. Any amended complaint must be filed within

---

[2] There is a split of authority as to whether filing a complaint under section 98.7 is mandatory where a plaintiff has filed a claim with another administrative agency. *Compare, e.g., Steffens v. Regus Group, PLC*, No. 08cv21494-LAB (BLM), 2009 WL 1139543, at *2-6 (S.D. Cal. Apr. 28, 2009) (filing a complaint with the Department of Fair Employment and Housing is sufficient), *with Hall*, 2008 WL 5396361, at *4 (rejecting that argument). The Court need not resolve this split because Dolis does not allege that he filed any administrative claims.

4

thirty calendar days of the date of this order. Failure to file a timely amended complaint shall result in dismissal of Dolis's section 1102.5 claim with prejudice.

**IT IS SO ORDERED.**

Dated: 09/28/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT